United States District Court
Southern District of Texas

**ENTERED**

March 26, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| SERGIO G. GRANADOS CARRIZALES,<br>        Petitioner,<br><br>V.<br><br>MARKWAYNE MULLIN, *et al.*,<br>        Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:26-CV-00484 |

## ORDER

Before the Court is Petitioner's 28 U.S.C. Section 2241 Habeas Corpus Petition, (Dkt. No. 1). Petitioner challenges his continued detention in federal immigration custody. Petitioner is represented by counsel.

The Rules Governing Section 2254 Cases may be applied to petitions for a writ of habeas corpus brought under Section 2241. Rules Governing Section 2254 Cases 1(b). The Rules provide that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *Id.* at 4.

According to the petition, Petitioner is a citizen of Mexico who entered the United States without inspection in 2008 as a child. (Dkt. No. 1 at 3). He has been detained in immigration custody since December 5, 2025. (*Id.* at 6). His immigration case is pending appeal at the Board of Immigration Appeals (BIA). (*Id.*). Petitioner seems to assert two claims: that he is eligible for bond and that he is subject to prolonged detention. These claims cannot proceed as pleaded for the reasons explained below.

First, the Fifth Circuit has held that the mandatory detention provision of Section 1225(b)(2) applies to all applicants for admission, regardless of whether they are actively "seeking admission" when they are detained. *Buenrostro-Mendez v. Bondi,* 166 F.4th 494, 502 (5th Cir. 2026). If Petitioner contends that he should still be entitled to a bond hearing, he needs to explain why and clearly state a claim for relief.

Second, 8 U.S.C. § 1231 governs the detention, removal, and release of noncitizens ordered removed. This statute mandates the detention of noncitizens ordered removed

during the "removal period." *Id.* § 1231(a)(2)(A). Generally, the removal period begins when the order of removal becomes administratively final. Relevant regulations provide that:

> An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final:
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal;
> (e) If an immigration judge orders an alien removed in the alien's absence, immediately upon entry of such order; or
> (f) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary departure bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1.

Detention beyond this period may become unconstitutionally prolonged or indefinite. In *Zadvydas v. Davis*, the Supreme Court held that detention after a final order of removal is unconstitutional when there is no significant likelihood of removal in the reasonably foreseeable future. 533 U.S. 678, 701 (2001). However, there is a six-month presumption of reasonable detention after an order of removal becomes final. *Id.* Here, Petitioner does not appear to be subject to a final removal order because his case is still on appeal at the BIA, so the Court is inclined to find that there is no basis for a *Zadvydas* claim. If Petitioner intends to maintain this claim, he must submit legal authority supporting the claim.

For the reasons stated above, the Court **GRANTS** Petitioner leave to amend his petition **by April 2, 2026**. If Petitioner does not amend his petition, he is **ORDERED** to file supplemental briefing supporting his claims as pleaded **by April 2, 2026**. If Petitioner fails to amend his petition or file supplemental briefing, his petition may be dismissed without prejudice.

It is so **ORDERED**.

**SIGNED** on March 26, 2026.

_____
John A. Kazen
United States District Judge